IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA,<br>    *Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. 3:24-cv-2920 |
| GEXA ENERGY, LP and NEXTERA ENERGY, INC.<br>    *Defendants*. | § § § § | |

**DEFENDANTS GEXA ENERGY, LP AND NEXTERA ENERGY, INC.'S
NOTICE OF REMOVAL**

Defendants GEXA Energy, LP and NextEra Energy, Inc. (collectively, "Defendants") hereby timely file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441(c) and 1446(a), invoking the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and respectfully shows as follows:

**I.**

**INTRODUCTION**

1. On October 25, 2024, *pro se* Plaintiff Robert Allen Bautista ("Plaintiff"), filed his Original Petition in the matter 191st District Court for Dallas County, Texas, under Cause No. DC-24-18870 and styled *Robert Allen Bautista vs. GEXA Energy, LP, et al.* **Ex. A** (Pl.'s Orig. Pet.). According to returns of service that Plaintiff filed on November 4, 2024, Plaintiff caused Defendants to be served with a

copy the Original Petition and accompanying citation that same day, November 4, 2024.

2. In the section of his Original Petition entitled, "Jurisdiction and Venue," Plaintiff asserts claims that "arise under," *inter alia*, "the Securities Exchange Act of 1934." Plaintiff further alleges in his Original Petition that Defendants, through their acts and/or omissions, have committed actionable violations of various and sundry federal statutes, including as follows:

    a. that "Defendants' actions have effectively led Plaintiff into a state of involuntary financial servitude, violating 18 U.S.C. § 1581, which prohibits peonage and debt slavery by coercing Plaintiff into continued payments through deceptive and unlawful means," **Ex. A** (Pl.'s Orig. Pet.) at 2, ¶ 6.e.; see also id. at 3, ¶ 9.b. (demanding damages under this statute).;

    b. that "Defendants have violated the Fair Credit Reporting Act (FCRA) under 15 U.S.C. § 1681b by accessing and using Plaintiff's personal financial information without authorization," Id. at 2, ¶ 6.e; see also id. at 9.c. (demanding monetary damages for "[d]amage to Plaintiff's financial reputation and credit standing").

    c. that "Defendants' failure to safeguard Plaintiff's personal financial information during the course of the fraudulent financial

transactions constitutes a violation of the Fair and Accurate Credit Transactions Act (FACTA) under 15 U.S.C. § 1681c," id. at 2, ¶ 6.g.; and

d. that "Defendants' pattern of misconduct demonstrates a continuous scheme to defraud Plaintiff, amounting to securities fraud, as defined under Section 10(b) of the Securities Exchange Act of 1934, which prohibits manipulative or deceptive devices in connection with the purchase or sale of any security," id. at 2, ¶ 6.h.; see also id. at 3, ¶ 7 and Prayer for Relief (demanding damages under '34 Act).

## II.
## TIMELINESS OF REMOVAL

3. Plaintiff filed this action in Texas state court on October 25, 2024, and alleges to have served Defendants a copy of the Petition on November 4, 2024. **Ex. A.** Defendants file this Notice "within thirty (30) days after recei[ving] . . . , through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," so Defendants' Notice is timely. 28 U.S.C. § 1446(b)(1).

## III.
## BASIS OF REMOVAL: FEDERAL-QUESTION JURISDICTION

4. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. In that vein, the section of the federal removal statute entitled, "Joinder of Federal Law Claims and State Law Claims," provides, in pertinent part, as follows:

> [i]f a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

Id. § 1441(c)(1).

***Plaintiff alleges one or more federal-question claims.***

6. Again, Plaintiff's own live pleading establishes that he alleges one or more claims "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of [United States Code Title 28])" insofar as Plaintiff's Original Petition asserts claims for damages under several federal statutes, including, but not limited to, the following: (i) the federal Securities Exchange Act of 1934; (ii) Fair Credit Reporting Act (FCRA) under 15 U.S.C. § 1681b; (iii) 18

U.S.C. § 1581; and (iv) Fair and Accurate Credit Transactions Act (FACTA) under 15 U.S.C. § 1681c.

***Plaintiff's Original Petition does not assert any claim rendered nonremovable by a statute, the exclusion of which would render the action nonremovable.***

7.   The only discernable state-law claims Plaintiff alleges in his Original Petition are those alleging violation(s) of the Texas Securities & Exchange Act and common-law fraud.

8.   Neither of those claims, if excluded, would alter the removability of this case.

## V.<br>VENUE

9.   Venue is proper in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1441(a) because Dallas County, Texas, is located within this District, and cases arising from Dallas County, Texas, are properly assigned to the District's Dallas Division.  28 U.S.C. § 124(a)(1).

## VI.<br>ADDITIONAL REQUIREMENTS

10.   Plaintiff demanded a jury trial in its Original Petition. **Ex. A** (Orig. Pet.) at 4, ¶ 10.

11.   Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Dallas County, Texas, pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

Having satisfied all requirements for removal under 28 U.S.C. §§ 1441, 1446, and 1331, Defendants hereby gives notice that Cause No. DC-24-1887 and styled *Robert Allen Bautista vs. GEXA Energy, LP, et al.*, 191st District Court for Dallas County, Texas, now pending in the 190th Judicial District Court of Dallas County, Texas, is hereby removed to this Court.

**Dated:  November 20, 2024**         **RESPECTFULLY SUBMITTED,**



By:   */s/ Robert H. Ford*
      Robert H. Ford
      Attorney-in-Charge
      rford@bradley.com
      TX State Bar No. 24074219
      JPMorgan Chase Tower
      600 Travis Street, Suite 5600
      Houston, Texas 77002
      (713) 576-0300 Telephone
      (713) 576-0301 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2024, I caused a true and correct copy of the foregoing to be served on Plaintiff (who is unrepresented by counsel) via email, first-class mail, and certified mail return receipt requested as provided below:

**Via CMRRR # 9314 8699 0430 0128 6770 34**
Robert Allen Bautista
PO Box 131385
Dallas, TX 75313-1385
RBRTBTST16@gmail.com

**PRO SE PLAINTIFF**


                                            */s/ Robert H. Ford*
                                            Robert H. Ford