IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2920-E-BN |
| | § | |
| GEXA ENERGY, LP and NEXTERA ENERGY, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO COMPEL DISCOVERY

Plaintiff Robert Allen Bautista filed this lawsuit *pro se* in a Dallas County, Texas state court, and, based on representations in their notice, Defendants GEXA Energy, LP and NextEra Energy, Inc., timely removed Bautista's lawsuit under 28 U.S.C. §§ 1331, 1441, and 1446 on November 20, 2024, after answering in state court on November 19. *See* Dkt. No. 1.

United States District Judge Ada Brown then referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Bautista moved to compel discovery responses from Defendants on November 26, 2024. *See* Dkt. No. 4.

Serving and responding to discovery is generally accomplished through the cooperation of the parties and without court intervention, unless such intervention is needed. *See, e.g., Chavez v. Compton*, No. CV-08-8-BLG-RFC, 2010 WL 231359, at *5 (D. Mont. Jan. 20, 2010) ("It is not the role of the Court to assist litigants, even those

proceeding pro se, in the pursuit of discovery.").

And, to the extent that Bautista moves the Court to compel Defendants to provide discovery prior to a court-ordered conference of the parties under Federal Rule of Civil Procedure 26(f), Federal Rule of Civil Procedure 26(d)(1) provides that "a party 'may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... [when authorized by these rules, by stipulation, or] by court order.'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)).

And, while "[t]he Federal Rules do not provide a standard for ordering expedited discovery," district courts in this circuit "utilize a 'good cause' standard." *Id.*; *see also Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020) ("Any party seeking expedited discovery must show good cause." (citation omitted)).

Because Bautista offers no reason, and thus fails to show good cause, for the Court to authorize discovery at this stage, the November 26 motion to compel [Dkt. No. 4] is DENIED. And, as to all future disputes concerning discovery in this lawsuit, the parties are directed to the Standing Order on Discovery and Non-Dispositive Motions entered the same day as this order.

SO ORDERED.

DATED: December 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE