IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § § | |
| Plaintiff, | § § | |
| V. | § | No. 3:24-cv-2920-E-BN |
| GEXA ENERGY, LP and NEXTERA ENERGY, INC., | § § § § | |
| Defendants. | § § | |

## ORDER REQUIRING CONFERENCE AND JOINT STATUS REPORT

Plaintiff Robert Allen Bautista filed this lawsuit *pro se* in a Dallas County, Texas state court, and, based on representations in their notice, Defendants GEXA Energy, LP and NextEra Energy, Inc., timely removed Bautista's lawsuit under 28 U.S.C. §§ 1331, 1441, and 1446 on November 20, 2024, after answering in state court on November 19. *See* Dkt. No. 1.

United States District Judge Ada Brown then referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court now enters this order pursuant to the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rules of Civil Procedure 16(b) and 26(f).

1. **Rule 26(f) Conference.** Defendants' counsel and Bautista shall confer in person or by telephone not later than **December 20, 2024**. Defendants' counsel is responsible for initiating this Rule 26(f) conference. During this conference, the

participants will discuss: (a) the nature and basis of their claims and defenses; (b) the possibilities for a prompt settlement or resolution of the case; (c) a proposed discovery plan; (d) the retention and preservation of electronically stored information, including the need for a protective order; and (e) the other matters specified in Federal Rule of Civil Procedure 16(b)-(c) and listed in Paragraph 2 below. Any person specified above who fails to participate in this conference will be subject to sanctions.

    2.    **<u>Joint Status Report and Proposed Scheduling Plan</u>.** The parties shall file a joint status report and proposed scheduling plan by **December 27, 2024**. Defendants' counsel is responsible for filing the joint status report and proposed scheduling plan. This report must contain the following information:

> (a)    A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief), including the amount or form of each type of relief sought and the basis on which the party seeks that relief; and (iii) the issues that will require expert testimony and the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues;

> (b)    A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;

> (c)    Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court;

(d) A proposed deadline to file motions to amend pleadings and join additional parties;

(e) A proposed deadline to file dispositive motions and other pretrial motions;

(f) A proposed discovery plan, including:

>(i) An estimate of the time needed for discovery, with an explanation of the reasons for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b);

>(ii) An explanation of any issues related to the accessibility (including costs involved in accessing of), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, *see* FED. R. CIV. P. 34(b)(2)(E)(i)-(iii);

>(iii) A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);

>(iv) A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

>(v) A discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party, as well as a

limit of thirty Federal Rule of Civil Procedure 36 requests for admission per party, should apply in this case. Any party who suggests that these limits should not apply must set forth the reasons for variance from the rules;

(vi)   An explanation of any other proposed limitations on discovery;

(vii)   An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in an order;

(viii)   A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery; and

(ix)   An explanation of any other orders that the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rules of Civil Procedure 16(b) and 16(c); and

(x)   A proposed deadline to complete discovery.

(g)   The position of each party regarding mediation or other forms of alternate dispute resolution, including a proposed deadline for the completion of such procedures;

(h)   A proposed trial date and an explanation of whether a jury has been demanded;

(i)   Any other matters relevant to the status or disposition of the case; and

(j) Whether the parties will consent to the magistrate judge conducting all further proceedings, including a trial (either jury or non-jury) and entry of a final judgment. Consent to the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to the magistrate judge to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United States Court of Appeals for the Fifth Circuit.

If one or more of the parties does not consent, the parties should communicate this fact in the joint status report only by stating that "the parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c)." If all parties do not consent, the case will remain with the magistrate judge for pretrial management; the magistrate judge will preside over all pretrial matters, including determining all non-dispositive motions and making recommendations on all dispositive motions; and the parties will retain the right to seek review of the magistrate judge's findings and recommendations in the manner provided by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

The report must be signed by all counsel of record and any unrepresented party (including through an electronic signature). Anyone who fails to sign the report will be subject to sanctions. If an attorney or unrepresented party is unavailable for a signature, the unavailable attorney or unrepresented party may grant his or her permission for another attorney or unrepresented party to sign the joint status report on his or her behalf (including through an electronic signature), as long as this permission is reflected on the report. If the parties cannot agree on a particular recommendation, the report must set forth the nature of the disagreement and

explain why agreement could not be reached. The Court will resolve any disputes based on the written submissions of the parties.

3. **Commencement of Discovery.** Other than as permitted by Federal Rule of Civil Procedure 26(d)(2), a party may not seek discovery from any source without leave of court prior to the Rule 26(f) conference required by this order.

4. **Initial Disclosures.** Unless the parties otherwise stipulate, initial disclosures must be made at or within 14 days of the Rule 26(f) conference required by this order and shall comply with Federal Rule of Civil Procedure 26(a)(1).

5. **Scheduling Conference.** The Court will enter a scheduling order after the parties file their joint status report and proposed scheduling plan. The Court will conduct a scheduling conference on any party's request. The Court may also set a scheduling conference on its own initiative in appropriate cases.

Please note that deadlines in this order are for filing or delivery and are not mailing dates. Any questions concerning this order should be directed to Shakira Todd at (214) 753-2165.

The parties are warned that failing to comply with any part of this order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f).

SO ORDERED.

DATE: December 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE