IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-2920 |
| | § | |
| GEXA ENERGY, LP and NEXTERA ENERGY INC., | § | |
| | § | |
| | § | |
| Defendant(s). | § | |

# DEFENDANT'S PROPOSED DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)[1]

**PLEASE RESTATE THE RESPECTIVE INSTRUCTION BELOW, BEFORE FURNISHING THE INFORMATION.**

1. **State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

    The meeting of the parties required by Rule 26(f) was held on December 20, 2024 via telephone. Plaintiff Robert Allen Bautista, *pro se*, was present. Defendants were present and represented by Robert H. Ford and Mary Grace Whitten of Bradley Arant Boult Cummings LLP.

2. **List the cases related to this one that are pending in any state or federal court— including the case number and court—and state how the cases are related.**

    None.

3. **Briefly describe what this case is about—including a statement of the claims and defenses.**

    This case concerns claims by Plaintiff against Defendants regarding alleged

---

[1] Per the Court's order, the parties conferred with one another in an attempt to reach a joint proposed discovery/case management plan. However, the parties were unable to come to an agreement and are therefore submitting their respective proposals separately.

    misrepresentations made on a negotiable instrument. Plaintiff purports to assert causes of action under the Texas Securities Act, Section 10(b) of the Securities Exchange Act of 1934, and UCC Sections 3-104 and 3-119, and also purports to assert violations of Texas Business and Commerce Code Section 26.02, 18 USC Section 1581, the Fair Credit Reporting Act (under 15 USC Section 1681(b)), and the Fair and Accurate Credit Transactions Act (under 15 USC Section 1681(c).) Defendants assert that, amongst other defenses, they owed no duty to Plaintiff and that these laws are not applicable to them or the relevant facts.

4. **Identify a proposed time limit to file motions for leave to join other parties.**

    Deadline of March 31, 2025.

5. **Identify a proposed time limit to amend the pleadings.**

    Deadline of March 31, 2025.

6. **Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);**

| | |
|---|---|
| Deadline for Joint Report naming mediator | March 20, 2025 |
| Deadline for Completion of Mediation | June 20, 2025 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | March 31, 2025 |
| Plaintiff's Expert Designation & Report | September 19, 2025 |
| Defendant's Expert Designation & Report | October 10, 2025 |
| Rebuttal Expert Designation | October 24, 2025 |
| Deadline for Completion of Discovery | November 17, 2025 |
| Deadline for Expert Objections | November 24, 2025 |
| Deadline for Dispositive Motions | November 24, 2025 |
| Deadline for Pretrial Disclosures and Objections | Friday, March 13, 2026 |
| Deadline for Pretrial Materials (pretrial order etc.) | Friday, March 13, 2026 |
| Settlement Conference | Friday, March 13, 2026 |
| Exchange of Exhibits | Wednesday, March 18, 2026 |
| Pretrial Conference | Friday, March 20, 2026 at 10:00 a.m. |
| Trial Date | Monday, March 23, 2026 |

7.  **Specify the allegation of federal jurisdiction.**

    Federal question jurisdiction pursuant to 28 USC. Section 1331.

8.  **Identify the parties who disagree and the reasons.**

    Currently, no parties disagree as to jurisdiction.

9.  **Identify any issues as to service of process, personal jurisdiction, or venue.**

    None.

10. **List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

    None at this time.

11. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

    No party has made Rule 26(f) initial disclosures. Parties agree to make these disclosures by January 3, 2025.

12. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    Defendants are unable, at this time, to commit to submitting the issue of fees to the Court, but anticipate re-visiting this at a later date.

13. **Describe the proposed discovery plan, including:**

    A.  **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

        Discovery should be limited to the issues presented in the complaint and should be limited to the accounts related to Plaintiff. The discovery timeline can be found above.

    B.  **Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

    Plaintiff previously filed a Motion to Compel Discovery, which requested GAAP-compliant financial statements for all accounts related to Plaintiff and a copy of the original account for service as well as any amendment thereto. Defendants would request that if this discovery were allowed, it be limited to only those accounts related to Plaintiff, and that if there is no amendment or alteration in his file, that the search to find such records be limited in scope, either by agreement between the parties or by the Court.

C. **When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

D. **When and to whom the defendant anticipates it may send interrogatories and requests for production.**

    Defendant anticipates serving Plaintiff with interrogatories and requests for production.

E. **Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

F. **Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

    Defendant anticipates taking oral depositions of one or more of the following individuals, and these could be done via remote means if necessary:
1. Robert Allen Bautista,
2. Any testifying expert(s) Plaintiff designates.

G. **Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

    None at this time.

H. **Any experts needed on issues other than attorneys' fees.**

    Not at this time.

I. **If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

    None.

J. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B),**

and when the opposing party will be able to designate responsive experts and to provide their reports.

| | |
|---|---|
| Plaintiff's Expert Designation & Report: | September 19, 2025 |
| Defendant's Expert Designation & Report | October 10, 2025 |
| Rebuttal Expert Designation | October 24, 2025 |
| Deadline for Expert Objections | November 24, 2025 |

K. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom.** *See* **Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).**

The parties expect to depose each other's retained expert witness(es) at a mutually agreeable date and time.

*See* Fed. R. Civ. P. 26(a)(2)(B).

L. **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom.**

The parties expect to depose each other's retained expert witness(es) at a mutually agreeable date and time.

*See* Fed. R. Civ. P. 26(a)(2)(B).

M. **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Defendants will supplement.

N. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

None.

O. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

No disputes regarding ESI at this time. Defendants anticipate that ESI would be produced in a format consistent with how the records are maintained in the normal course of business.

    P.    **The depositions that need to be taken, and in what sequence;**

        Defendant will need to take depositions of (likely in this order): Plaintiff, and then Plaintiff's expert witness(es) (if any).

    Q.    **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

        None.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    At this time, the parties are in agreement with this proposed plan.

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

16. **State the date the planned discovery can reasonably be completed.**

    November 17, 2025.

17. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    The Parties are open to discussing early resolution of this case/

18. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

    Defendants are considering alternative dispute resolution options, and those would be most effective after all dispositive motions have been filed. Defendants will supplement with recommendations in terms of mediators.

19. **State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;**

    At this point in time, Defendants are unable to consent to trial before a US Magistrate Judge.

20. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff made a jury demand in the state court complaint.

21. **State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.**

    A jury demand has been made. The proposed trial date is 15 months from the date of the 26(f) conference: March 23, 2026. The trial is estimated to take 2-4 days, though the parties reserve their right to amend this estimate as more facts are gathered during discovery.

22. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

    No objections or modifications at this time, and disclosures will be made.

23. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    None.

24. **List other pending motions.**

    None.

25. **List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

    Plaintiff (pro se):
    Robert Allen Bautista
    PO Box 131385
    Dallas, TX 75313-1385
    RBRTBTST16@gmail.com
    (702) 501-9639

    Defendants:
    Robert H. Ford
    rford@bradley.com
    TX State Bar No. 24074219

Mary Grace Whitten
mwhitten@bradley.com
TX State Bar No. 24074219
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone

Lauren Vogel
lvogel@bradley.com
TX State Bar No. 24114574
1445 Ross Ave Ste 3600,
Dallas, TX 75202
(214) 257-9800 Telephone

26. **List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

   None.

27. **List whether a conference with the Court is desired;**

   The Parties believe a conference with the Court to narrow the issues and align scheduling expectations would be helpful.

28. **List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c); and**

   None.

29. **A statement that counsel have read (i) the *Dondi* opinion—*Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)— and (ii) the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).**

   Counsel for Defendants has read both (i) and (ii).

Dated:  December 26, 2024            RESPECTFULLY SUBMITTED,

**Bradley**

By:  */s/ Robert H. Ford*
     Robert H. Ford
     rford@bradley.com
     TX State Bar No. 24074219
     JPMorgan Chase Tower
     600 Travis Street, Suite 5600
     Houston, Texas 77002
     Tel:  (713) 576-0300
     Fax: (713) 576-0301

     Lauren M. Vogel
     Texas Bar No. 24114574
     lvogel@bradley.com
     Fountain Place
     1445 Ross Avenue, Suite 3600
     Dallas, Texas 75202
     Tel: (214) 257-9800
     Fax: (214) 939-8787

## CERTIFICATE OF SERVICE

I hereby certify that, on December 26, 2024, I caused a true and correct copy of the foregoing to be served on Plaintiff (who is unrepresented by counsel) via email, first-class mail, and/or certified mail return receipt requested as provided below:

**Via CMRRR # 9314 8699 0430 0129 7538 43**
Robert Allen Bautista
PO Box 131385
Dallas, TX 75313-1385
RBRTBTST16@gmail.com

**PRO SE PLAINTIFF**

                                                    */s/ Robert H. Ford*
                                                    Robert H. Ford