U.S. District Court
Northern District of Texas (Dallas)

**ROBERT ALLEN BAUTISTA®**
Plaintiff,
v.
**Gexa Energy LP et al**
Defendants.

**RESPONSE TO JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)**

Plaintiff, Robert Allen Bautista, hereby responds to the Joint Discovery/Case Management Plan as submitted by Defendants in the above-captioned case.

---

**1. Meeting of the Parties**
The meeting of the parties required by Rule 26(f) was held on December 20, 2024, via telephone conference. Plaintiff, Robert Allen Bautista, participated pro se. Defendants were represented by Robert H. Ford and Mary Grace Whitten of Bradley Arant Boult Cummings LLP. The Defendants' legal counsel waited until the last day to attempt to meet. They presented their terms and tried to coerce Plaintiff into accepting them. They also stated that the parties would need to submit competing case management plans. Following this, they sent Plaintiff a fill-in-the-blank template in an attempt to further coerce Plaintiff into accepting unfavorable terms, including extensions of the trial dates far beyond what is necessary.

**Plaintiff does not consent to a word limit for any motions or opposition in this case** and reserves the right to file motions as needed without arbitrary restrictions.

---

**2. Related Cases**
Plaintiff is not aware of any related cases pending in either state or federal court at this time.

**3. Case Description**
This case arises out of Plaintiff's allegations against Defendants, Gexa Energy LP and other related entities, concerning misrepresentations made on a negotiable instrument issued by Defendants. Plaintiff asserts causes of action based on violations of the Texas Securities Act, Section 10(b) of the Securities Exchange Act of 1934, Uniform Commercial Code (UCC) Sections 3-104 and 3-119, and various federal statutes, including the Fair Credit Reporting Act (FCRA) and the Fair and Accurate Credit Transactions Act (FACTA). Defendants have denied these claims, asserting no duty owed to Plaintiff and that the referenced laws are inapplicable to the facts of this case.

**4. Motions to Join Other Parties**
Plaintiff proposes a deadline of February 25, 2025, for the filing of any motions seeking leave to join additional parties in this matter.

**5. Amendment of Pleadings**
Plaintiff proposes a deadline of February 25, 2025, for amending the pleadings. Any amendment to the pleadings will be filed prior to this date, as necessary, based on the progression of discovery.

### 6. Motions and Deadlines

Plaintiff proposes the following schedule for motions and related deadlines:

- Joint Report naming mediator: February 25, 2025
- Completion of Mediation: April 25, 2025
- Motions for Leave to Join Parties or Amend Pleadings: February 25, 2025
- Plaintiff's Expert Designation & Report: June 25, 2025
- Defendant's Expert Designation & Report: July 25, 2025
- Rebuttal Expert Designation: August 10, 2025
- Completion of Discovery: October 25, 2025
- Expert Objections: October 25, 2025
- Dispositive Motions: October 25, 2025
- Pretrial Disclosures and Objections: November 25, 2025
- Pretrial Materials: November 25, 2025
- Settlement Conference: November 25, 2025
- Exchange of Exhibits: December 1, 2025
- Pretrial Conference: December 5, 2025, at 10:00 a.m.
- Trial Date: December 15, 2025

### 7. Federal Jurisdiction

Plaintiff affirms that this Court has subject-matter jurisdiction over this case under federal question jurisdiction, pursuant to 28 U.S.C. § 1331. The claims are based on violations of federal statutes and the Securities Exchange Act, among others.

### 8. Disagreement on Jurisdiction

At this time, Plaintiff is unaware of any disagreement regarding jurisdiction and maintains that federal jurisdiction is proper.

### 9. Service of Process, Personal Jurisdiction, or Venue

Plaintiff asserts that there are no issues regarding service of process, personal jurisdiction, or venue at this time. Plaintiff affirms that all service of process has been appropriately made, and venue is properly laid in the Northern District of Texas.

### 10. Anticipated Additional Parties

Plaintiff does not anticipate the addition of any additional parties at this time. Should further parties become relevant as discovery progresses, Plaintiff will notify the Court in due course.

### 11. Initial Disclosures under Rule 26(a)

No party has made Rule 26(a) disclosures as of the date of this meeting. Plaintiff agrees to make initial disclosures by January 10, 2025, in accordance with the requirements of Rule 26(a).

**12. Attorneys' Fees**
Plaintiff has not yet made a final determination regarding the submission of attorneys' fees to the Court for resolution. Plaintiff agrees to revisit this issue closer to the trial date and will make any appropriate motion for fees if warranted by the outcome of the case.

**13. Discovery Plan**
Plaintiff's proposed discovery plan includes the following elements:

- A. **Discovery Plan and Schedule**: Discovery will focus on the issues presented in the complaint and will be limited to those directly related to Plaintiff's claims, particularly any accounts or transactions linked to Plaintiff's claims of misrepresentation. Discovery will proceed in phases, with written discovery occurring first, followed by depositions of relevant parties and expert witnesses.

- B. **ESI (Electronically Stored Information)**: ESI should be produced in a format consistent with how records are normally maintained in the course of business. Both parties will exchange electronically stored information that is relevant to the case.

- C. **Interrogatories and Requests for Production**: Plaintiff anticipates sending interrogatories and requests for production to Defendants by February 1, 2025, focused on the claims and defenses asserted.

- D. **Defendant's Interrogatories and Requests for Production**: Plaintiff expects that Defendants will serve Plaintiff with interrogatories and requests for production by February 1, 2025.

- E. **Oral Depositions by Plaintiff**: Plaintiff anticipates taking oral depositions of relevant individuals, including Defendants' employees, experts, and any other persons identified during discovery. Plaintiff is amenable to conducting depositions remotely if necessary.

- F. **Oral Depositions by Defendants**: Defendants have indicated their intent to depose Plaintiff and Plaintiff's expert witness(es). These depositions will occur at a mutually agreeable time, and remote depositions may be arranged if necessary.

- G. **Threshold Issues**: Plaintiff does not anticipate any threshold issues arising at this time but will address them as necessary if they come to light during discovery.

- H. **Expert Needs**: Plaintiff does not foresee the need for expert testimony beyond those related to the issues of attorneys' fees and damages at this time. If further expert testimony becomes necessary, Plaintiff will notify Defendants in advance.

- I. **Medical Experts**: Plaintiff does not anticipate the need for medical experts in this case, as the claims do not involve personal injury or medical issues.

- J. **Expert Designations**:
    - Plaintiff's Expert Designation & Report: June 25, 2025
    - Defendant's Expert Designation & Report: July 25, 2025
    - Rebuttal Expert Designation: August 10, 2025
    - Expert Objections: October 25, 2025

- K. **Expert Depositions**: Plaintiff expects to depose Defendants' experts on issues relevant to the case. These depositions will occur at a mutually agreeable time, and remote depositions can be scheduled if needed.

- L. **Expert Depositions by Defendants**: Defendants have indicated their intent to depose Plaintiff's expert witnesses. These depositions will be arranged at a mutually agreeable time and can also be conducted remotely if necessary.

- M. **Citizenship of Defendants**: Plaintiff understands that Defendants will provide an affidavit or declaration of citizenship for any unincorporated entities as required by law.

- N. **Discovery Limitations**: Plaintiff proposes no additional limitations beyond those already outlined.

- O. **ESI**: Plaintiff agrees that there are no disputes regarding the discovery or disclosure of ESI at this time. All ESI will be provided in the format in which it is normally maintained.

- P. **Deposition Sequence**: Plaintiff proposes that depositions be taken in the following sequence: Plaintiff, then Defendants, followed by expert witnesses.

- Q. **Privileged Material**: Plaintiff does not have any objections at this time to the handling and protection of privileged material. Any disputes regarding privileged materials will be addressed as they arise.

## 14. Discovery Undertaken
No discovery has been undertaken as of the date of this response. The parties are in the process of completing the discovery plan and expect to begin discovery in early 2025.

## 15. Discovery Completion Date
Plaintiff proposes that discovery be completed by October 25, 2025. This is intended to allow ample time for the exchange of documents, depositions, and expert reports.

## 16. Settlement Possibilities
Plaintiff is open to discussing early resolution of the case. Both parties have indicated an interest in settlement discussions after discovery is completed. Plaintiff is hopeful that mediation will facilitate a resolution.

## 17. Alternative Dispute Resolution (ADR)
Plaintiff is amenable to mediation as an alternative dispute resolution mechanism. Mediation would be most effective once some discovery has been completed and expert reports have been exchanged. Plaintiff agrees to consider potential mediators as the case progresses.

## 18. Consent to Magistrate Judge
Plaintiff consents to having this case tried before a Magistrate Judge at this time, understanding that this is a procedural matter to be addressed by the Court.

## 19. Jury Demand
Plaintiff has made a jury demand in the state court complaint, which remains valid in this federal proceeding.

**20. Trial Date and Estimated Duration**

Plaintiff proposes a trial date of December 15, 2025. Plaintiff estimates that the trial will last approximately 2-4 days, depending on the complexity of the case and the scope of the discovery.

**21. Objections to Rule 26(a)(1) Disclosures**

Plaintiff has no objections to Rule 26(a)(1) disclosures at this time. Plaintiff agrees to make disclosures as required under the Federal Rules of Civil Procedure.

**22. Pending Motions**

There are no motions pending at this time.

**23. Other Pending Motions**

Plaintiff is not aware of any other pending motions at this time.

**24. Counsel Contact Information**

Plaintiff's contact information is as follows:

- Robert Allen Bautista
- PO Box 131385
- Dallas, TX 75313-1385
- Email: RBRTBTST16@gmail.com
- Phone: (702) 501-9639
  Defendant's counsel information has been provided in the original filing.

**25. Scheduling and Discovery Proposals**

Plaintiff does not propose any changes to the proposed scheduling and discovery plans at this time.

**26. Conference with the Court**

Plaintiff respectfully requests a conference with the Court to narrow the issues and clarify scheduling expectations as the case progresses.

**27. Other Matters**

Defendants' legal counsel has been engaging in actions that encroach upon bad faith. Should they continue to use tactics that attempt to violate Plaintiff's rights, Plaintiff will pursue sanctions, file bar grievances, and seek separate litigation for those matters.

**28. Acknowledgment of Dondi Opinion and Civil Justice Expense and Delay Reduction Plan**

Plaintiff acknowledges having read the Dondi opinion and the District's Civil Justice Expense and Delay Reduction Plan.

**END OF RESPONSE**