IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT ALLEN BAUTISTA™,**
*Plaintiff,*
v.                                                                                   No. 3:24-cv-2920-E-BN

**GEXA ENERGY, LP** and
**NEXTERA ENERGY, INC.,**
*Defendants.*

### AMENDED ORIGINAL PETITION FOR SECURITIES FRAUD, DEPRIVATION OF PLAINTIFF'S RIGHTS, AND DEMAND FOR LAWFUL REMEDY

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff, ROBERT ALLEN BAUTISTA™, in the above-styled and numbered cause, and files this Amended Original Petition against Defendants GEXA ENERGY, LP and NEXTERA ENERGY, INC., and in support thereof would respectfully show this Court as follows:

## I. DISCOVERY

**Discovery Control Plan:**

Plaintiff intends to conduct discovery in accordance with Level 2 of the Texas Rules of Civil Procedure Rule 190.

## II. PARTIES

**Plaintiff:**

- ROBERT ALLEN BAUTISTA™, a principal account, receiving formal correspondence at **PO BOX 131385, DALLAS, TX 75313-1385**.

**Defendants:**

- **GEXA ENERGY, LP**, a limited partnership with a principal place of business located at **20455 State Highway 249, Suite 200, Houston, TX 77070**, and

- **NEXTERA ENERGY, INC.**, a corporation with a principal place of business at **700 Universe Blvd, Juno Beach, FL 33408**.

## III. JURISDICTION AND VENUE

**Jurisdiction:**

This Court has jurisdiction over this matter because the claims arise under the **Texas Securities Act**, the **Securities Exchange Act of 1934**, and **Texas contract law**. Furthermore, the amount in controversy exceeds **$75,000**.

**Venue:**

Venue is proper in the Northern District of Texas, Dallas Division, as the transactions and violations at issue occurred within this jurisdiction and Plaintiff resides here.

## IV. FACTUAL BACKGROUND

Plaintiff asserts the following facts, which form the basis of his claims:

1. **Fraudulent Alteration of Negotiable Instruments:** On or about **September 1, 2024**, Defendants GEXA ENERGY, LP and NEXTERA ENERGY, INC., materially misrepresented a negotiable instrument as valid and secured under the original terms. However, the instrument was fraudulently altered through the inclusion of an unauthorized **allonge**. The alteration violated the **Uniform Commercial Code** (UCC) § 3-104 and § 3-119, which govern the proper endorsement and negotiability of such instruments.

2. **Deceptive Misrepresentations:** Defendants' actions involved significant misrepresentation regarding the negotiable instrument's validity, which led Plaintiff to believe that the instrument was enforceable under the original agreement. This act violated **Texas Business and Commerce Code § 26.02** and **UCC § 3-305(a)**, which protects an individual's right to enforce a negotiable instrument under its original terms unless properly discharged.

3. **Breach of Federal and State Laws:** The bills of exchange presented by Defendants constitute lawful money under **18 U.S.C. § 8**, which defines obligations of the United States, and under **UCC § 3-104**, which states that negotiable instruments are forms of payment in the commercial realm.

4. **Failure to Honor Bills of Exchange:** Defendants failed to honor the bills of exchange presented by Plaintiff on **September 21, 2024** and **October 24, 2024**, neither formally accepting nor rejecting them. This lack of clear action breached Plaintiff's rights and violated commercial practices governing negotiability, as established in **Shaw v. Railroad Co.**, **101 U.S. 557 (1880)**, and **First National Bank of Washington v. Whitman**, **94 U.S. 343 (1876)**.

5. **Ongoing Coercion and Debt Trap:** Defendants continued to coerce Plaintiff into making fraudulent payments based on the altered negotiable instrument under threat of terminating essential utility services, a practice that amounts to **debt slavery** as prohibited under **18 U.S.C. § 1581**.

6. **Violation of Federal and State Protections:** The failure to honor, properly discharge, or dispute the bills, in addition to coercing Plaintiff into further payments, amounts to a violation of Plaintiff's rights under **UCC § 3-603(b)** and **18 U.S.C. § 8**, leading to substantial economic and emotional harm.

## V. CAUSES OF ACTION

1. **Securities Fraud (Texas Securities Act & Federal Securities Laws)**

Defendants violated the **Texas Securities Act**, specifically § 33.001, and **Section 10(b) of the Securities Exchange Act of 1934**, by:

- o   Making false and misleading statements regarding the negotiability of the instrument, inducing Plaintiff to make payments based on fraudulent representations.
- o   Omitting material facts regarding the unauthorized alteration of the instrument through an allonge, which violated **UCC § 3-104** and **UCC § 3-119**.

2. **Deprivation of Rights (UCC Violations & Federal Statutes)**

Defendants' conduct resulted in the deprivation of Plaintiff's rights by:

- o   Coercing Plaintiff into unlawful financial obligations based on a fraudulently altered negotiable instrument.
- o   Depriving Plaintiff of the ability to challenge or renegotiate the altered terms due to Defendants' fraudulent actions.

These actions constitute violations of **UCC § 3-305(a)**, **UCC § 3-311**, and **18 U.S.C. § 1581**, which prohibit trafficking in debt slavery and coercive financial practices.

## VI. DAMAGES

As a direct result of Defendants' fraudulent conduct, Plaintiff has suffered the following damages:

1. **Restitution**: Refund of all payments made under the fraudulent negotiable instrument totaling **$808.30**.
2. **Emotional Distress**: Significant emotional harm due to the wrongful financial burdens and threats of utility service termination.
3. **Damage to Financial Reputation**: Ongoing harm to Plaintiff's credit standing, causing the loss of financial opportunities.
4. **Additional Financial Harm**: Payments made under threat of utility service disconnection, amounting to further damages under **UCC § 3-603(b)** and **18 U.S.C. § 8**.

## VII. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Order Defendants to **refund all payments** made under the fraudulent negotiable instrument totaling **$808.30**.
2. Award Plaintiff **actual damages** of **$75,000** for the economic and emotional harm caused by Defendants' unlawful conduct.
3. Award **statutory damages** under the **Texas Securities Act** and the **Securities Exchange Act of 1934**.

4. Award **punitive damages** for fraudulent misrepresentation, violations of federal law under **UCC § 3.305(a)**, and violations of **18 U.S.C. § 8**.

5. Order **court costs and attorney's fees**.

6. Award **pre-judgment and post-judgment interest** as allowed by law.

7. Issue a **Temporary Restraining Order** (TRO) against Defendants to prevent further coercion, fraudulent payments, and threats of disconnection.

8. Order **Specific Performance**, requiring Defendants to honor the original terms of the negotiable instrument and cease all fraudulent practices.

9. Grant any other relief Plaintiff may be entitled to, including mitigation of further damages and protection from continuing harm.

---

**VIII. JURY DEMAND**

Plaintiff demands a jury trial and agrees to pay the necessary jury fee.

DATED this **9th day of January, 2025**.

Respectfully submitted,

WITHOUT RECOURSE
WITHOUT PREJUDICE
**ROBERT ALLEN BAUTISTA™**
BY: /s/ Bautista, Robert-Allen / Agent
---------------------------------------
Robert Allen Bautista / Attorney-In-Fact

PO BOX 131385
DALLAS, TX 75313-1385
702-501-9639
RBRTBTST16@GMAIL.COM