IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

---

**ROBERT ALLEN BAUTISTA™,**
Plaintiff,

v.                                                                                          No. 3:24-cv-2920-E-BN

**GEXA ENERGY, LP** and **NEXTERA ENERGY, INC.,**
Defendants.

---

### MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND SPECIFIC PERFORMANCE

**TO THE HONORABLE JUDGE ADA BROWN:**

COMES NOW **ROBERT ALLEN BAUTISTA™**, Plaintiff, appearing pro se, and respectfully moves this Court for the issuance of a **Temporary Restraining Order (TRO)** and for **specific performance** against **Gexa Energy LP** and **NextEra Energy, Inc.**, Defendants. In support of this Motion, the Plaintiff states as follows:

---

**I. Background and Facts**

1. The Plaintiff, **ROBERT ALLEN BAUTISTA™**, is the principal account of an electricity service account with **Gexa Energy LP**, a subsidiary of **NextEra Energy, Inc.**, which provides utility services under the account referenced in the matter before this Court.

2. The Plaintiff asserts that all obligations under the service contract, including any performance requirements, have been fully satisfied by the Plaintiff's agent. Accordingly, there is no valid outstanding debt or legal basis for the Defendant's demands for further payments.

3. Despite these facts, the Defendants have continued to engage in coercive actions aimed at collecting additional fraudulent payments from the Plaintiff. These actions have caused significant harm to the Plaintiff and have placed undue stress upon him.

4. The Plaintiff has made reasonable and good faith efforts to dispute the alleged debt, yet the Defendants persist in attempting to collect these fraudulent payments, which further exacerbate the Plaintiff's harm.

5. The Plaintiff is entitled to a binding and enforceable service contract with **Gexa Energy LP** and **NextEra Energy, Inc.**, which includes a clear obligation for the Defendants to continue providing utility services under the terms of the contract, the original promissory note, and negotiable instrument.

6. The Defendants' continued actions of coercion, harassment, and fraudulent demands are causing irreparable harm to the Plaintiff, and without this Court's intervention, such harm will continue.

---

**II. Legal Basis for Relief**

1. **Specific Performance**:

The Plaintiff requests that the Court compel the Defendants to continue providing utility services under the agreed-upon terms of the service contract. Under the **Uniform Commercial Code (UCC) Section 2-716**, specific performance is an appropriate remedy when there has been a breach of contract that cannot be adequately remedied by monetary damages. As the Plaintiff has fulfilled all contractual obligations, he is entitled to performance under the terms of the service contract, the promissory note, and negotiable instrument.

2. **Temporary Restraining Order (TRO)**:

A **Temporary Restraining Order (TRO)** is appropriate where the Plaintiff has shown that he will suffer irreparable harm unless the Defendants' actions are immediately restrained. Under **Federal Rule of Civil Procedure 65(b)**, a TRO may be granted to prevent harm that cannot be undone by monetary damages. The Plaintiff asserts that the Defendants' actions of attempting to collect fraudulent payments and discontinuing services are causing irreparable harm that cannot be remedied by monetary damages alone.

In **Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981)**, the court held that a TRO can be issued upon a showing of: (1) likelihood of success on the merits, (2) irreparable harm if relief is denied, (3) the balance of harms tipping in the plaintiff's favor, and (4) the public interest not being disserved by the issuance of the TRO. The Plaintiff's claims meet these criteria.

Additionally, in **Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)**, the U.S. Supreme Court reiterated that a plaintiff must show "irreparable harm" and "likely success on the merits" to justify a TRO. The Plaintiff's claims of fraudulent collection and the Defendants' breach of their obligation to continue service are substantial, and harm is irreparable without the intervention of this Court.

3. **Applicable Statutes and Precedent**:

a. **Breach of Contract**: Under **Texas Contract Law**, a party who has fully performed on a contract may seek enforcement through specific performance when there is no adequate remedy at law. The Plaintiff seeks specific performance under this principle as outlined in **Restatement (Second) of Contracts Section 359** and as clarified in **Fisk v. Pargo, Inc., 479 F.2d 1 (5th Cir. 1973)**, where the court upheld specific performance for obligations in a binding service contract.

b. **The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.**: The Plaintiff alleges that the Defendants' attempt to coerce additional payments, despite no legal basis for such demands, violates the **FDCPA**. Specifically, the Defendants may be in violation of Section 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

c. **Irreparable Harm**: As established in **Tornado Bus Co. v. Texas Dept. of Transportation, 561 F.3d 361 (5th Cir. 2009)**, irreparable harm exists where a legal remedy is insufficient, and a violation of rights threatens to cause harm that cannot be fully corrected by money alone.

d. **Sanctions for Non-Compliance**: Under **Federal Rule of Civil Procedure 11**, sanctions may be imposed for non-compliance with the Court's orders. The Plaintiff requests that the Court notify the Defendants that failure to adhere to the TRO and any subsequent orders will subject them to sanctions, including contempt proceedings and potential fines, as provided in **27 U.S.C. § 1927**.

### III. Requested Relief

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. **Grant a Temporary Restraining Order (TRO)** requiring the Defendants, **Gexa Energy LP** and **NextEra Energy, Inc.**, to immediately cease and desist from attempting to collect any further fraudulent payments or engaging in coercive practices related to the Plaintiff's account.

2. **Order Specific Performance** requiring the Defendants to continue providing utility services to the Plaintiff's account without interruption and in accordance with the terms of the service contract and original promissory note.

3. **Order that the Defendants be held in contempt** should it fail to comply with the terms of the TRO and this Court's Order.

4. **Impose sanctions** for any failure by the Defendants to adhere to this Motion, Order, and any further court-issued orders.

5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this **01/09/2025**,

**WITHOUT RECOURSE**
**WITHOUT PREJUDICE**
**ROBERT ALLEN BAUTISTA™**
**BY: /s/ Bautista, Robert-Allen / Agent**
----------------------------------
**Robert Allen Bautista / Attorney-In-Fact**

PO Box 131385
Dallas, TX 75313
Phone: 702-501-9639
Email: rbrtbtst16@gmail.com

**ORDER**

**Upon consideration of the Plaintiff's Motion for Temporary Restraining Order and Specific Performance, the Court finds as follows:**

IT IS ORDERED that **Gexa Energy LP** and **NextEra Energy, Inc.** shall immediately **cease and desist** from making any further attempts to collect payments or engage in coercive or harassing actions related to the Plaintiff's account, and **shall not attempt to collect any additional payments** that are not legally owed.

IT IS FURTHER ORDERED that **Gexa Energy LP** and **NextEra Energy, Inc.** shall continue to **provide utility services** to the Plaintiff's account without interruption, in accordance with the service contract and original promissory note and negotiable instrument, which the Plaintiff has satisfied.

IT IS FURTHER ORDERED that the Defendants be notified that **failure to adhere to this Order** will subject the Defendants to **sanctions**, including but not limited to contempt of court proceedings, and any other appropriate penalties as the Court may deem fit.

SO ORDERED, this the ___ day of _____, 2025.

_____
**Judge Ada Brown**
U.S. District Judge, Northern District of Texas
Dallas Division