IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2920-E-BN |
| | § | |
| GEXA ENERGY, LP and NEXTERA ENERGY, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR SANCTIONS**

Plaintiff Robert Allen Bautista filed this lawsuit *pro se* in a Dallas County, Texas state court, and Defendants GEXA Energy, LP and NextEra Energy, Inc., removed it. *See* Dkt. No. 1.

United States District Judge Ada Brown referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Most recently, Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. No. 31. And Bautista responded, *see* Dkt. No. 32, and moved for sanctions: monetary compensation and entry of default judgment in his favor, arguing that Defendants violated the Federal Rules of Civil Procedure (in particular, Rules 11 and 37) and the Court's Standing Order on Discovery and Non-Dispositive Motions [Dkt. No. 8] (the "Standing Order") by prematurely filing a dispositive motion and by not conferring with him before doing so, *see* Dkt. No. 33.

The Court DENIES Bautista's motion for the following reasons. *Cf. Brown v.*

*Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motions should be characterized as nondispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

Defendants should not be sanctioned if their motion for judgment on the pleadings is premature. If that is the case – if the pleadings are not "closed," for example – that is simply a reason to deny the motion. *See, e.g.*, *Fox v. Seals*, Civ. No. 18-9694, 2019 WL 1748432, at *1 (E.D. La. Mar. 28, 2019), *rec. adopted*, 2019 WL 1746380 (E.D. La. Apr. 18, 2019).

Nor has Bautista shown a basis to sanction Defendants based on any violation of the Standing Order. As that order makes clear, it "does not govern motions that are dispositive of a claim or defense (and as to which the undersigned may only make a recommendation subject to the presiding district judge's *de novo* review), such as motions for injunctive relief, **for judgment on the pleadings**, for summary judgment, to certify or decertify a class action, to dismiss for failure to state a claim, to involuntarily dismiss a case,

for sanctions (if sanctions, as requested, would dispose of a claim or defense), for new trial, for judgment as a matter of law, or to remand a case to state court." Dkt. 8 at 1-2 (emphasis added; citing FED. R. CIV. P. 72(a)-(b); 28 U.S.C. § 636(a)-(b)).

Nor do Bautista's assertions otherwise show a basis to sanction Defendants (much less end this lawsuit in his favor) under Rule 37. *See, e.g.*, *Dartson v. Villa*, No. 3:17-cv-569-M, 2018 WL 3528721, at *6 (N.D. Tex. Apr. 2, 2018) ("The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct. This discretion, however, is limited based on the type of sanctions imposed. Usually, a finding of bad faith or willful misconduct is required to support the severest remedies under Rule 37(b) – striking pleadings or dismissal of a case." (cleaned up; quoting *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012))); *accord Technical Chem. Co. v. IG-LO Prods. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987) ("Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order." (citations omitted)).

And Bautista has not shown a basis to sanction Defendants under Rule 11 or the Court's inherent authority. *See, e.g.*, *Dartson*, 2018 WL 3528721, at *22-*23 (denying Rule 11 sanctions where the moving party failed to comply with Rule 11's requirements); *Miller v. Dunn*, No. 3:23-cv-1696-E-BN, 2023 WL 10669799, at *1-*3 (N.D. Tex. Oct. 4, 2023) (setting out legal standards underlying the high threshold to impose sanctions under the Court's inherent power), *rec. accepted*, 2024 WL 1303942 (N.D. Tex. Mar. 27, 2024).

SO ORDERED.

DATED: February 26, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE