## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:24-cv-2920 |
| | § | |
| GEXA ENERGY, LP and | § | |
| NEXTERA ENERGY, INC. | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS GEXA ENERGY, LP AND NEXTERA ENERGY, INC.'S FRCP 12(b)(6) MOTION TO DISMISS

Plaintiff Robert Allen Bautista's ("Plaintiff") Amended Complaint fails to satisfy applicable pleading standards. It is replete with conclusory and unsupported allegations and fails to articulate a coherent legal theory for relief. Moreover, several claims lack the requisite factual specificity required under federal law. Defendants GEXA Energy, LP ("Gexa") and NextEra Energy, Inc. ("NextEra") (collectively, "Defendants") respectfully request that the Court grant this Motion to Dismiss.

### I.    PROCEDURAL BACKGROUND

This case was filed in Dallas County Circuit Court on October 25, 2024. Defendants were served on November 4, 2025, and promptly removed to federal court on November 20, 2025 based on federal question jurisdiction. Mr. Bautista

filed a Motion for Leave to Amend his Complaint on January 9, 2025. *See* ECF No. 17. Mr. Bautista filed a Motion for Temporary Restraining Order (TRO) and Specific Performance on January 15, 2025. *See* ECF No. 22. On January 16, 2025, United States Magistrate Judge David L. Horan issued a Report and Recommendation finding that Mr. Bautista's pleadings "offer mere legal conclusions and lack the factual development necessary to determine whether the claims alleged are even plausible under the pleading standards, much less that those allegations unequivocally demonstrate a substantial likelihood that he will prevail on the merits." ECF No. 23, at *4. The Magistrate Judge recommended denial of Mr. Bautista's requests for temporary relief, and United States District Judge Ada Brown adopted the findings, conclusions, and recommendations of the Magistrate Judge in full. *See* ECF No. 23, at *7; ECF No. 28.

On February 19, 2025, Defendants filed a F.R.C.P. 12(c) Motion for Judgment on the Pleadings. *See* ECF No. 31. Mr. Bautista then filed a Motion for Sanctions and Default Judgment, which Judge Horan denied two days later. *See* ECF No. 33-34. On June 27, 2025, Magistrate Judge Rebecca Rutherford granted Plaintiff's January 9, 2025 Motion for Leave to Amend. *See* ECF No. 37-38.

## II. PLAINTIFF'S AMENDED COMPLAINT

The Amended Complaint is woefully deficient.  Therein, Plaintiff alleges that[1]:

- Defendants made material representations regarding an unidentified negotiable instrument, which they falsely represented as secured and valid, while in fact fraudulently altering the instrument with an "unauthorized allonge."  *See* Amended Original Petition for Securities Fraud, Deprivation of Plaintiff's Rights, and Demand for Lawful Remedy, ECF No. 38 (hereinafter "Pl.'s Am. Compl."), at *2.  In doing so, Defendants violated Uniform Commercial Code ("UCC") § 3-104 and § 3-119.  *See* Pl.'s Am. Compl., at *2.

- Defendants' actions involved misrepresentation of the negotiable instrument's validity, causing Plaintiff to believe it was enforceable.  *See* Pl.'s Am. Compl. at *2.  This violated Texas Business and Commerce Code § 26.02 and UCC § 3-305(a).  *See* Pl.'s Am. Compl. at *2.

---

[1] Plaintiff alleges violations in the factual background section without corresponding charges in the causes of action section.  Under the formal causes of action header, Plaintiff accuses Defendants of securities fraud in violation of the Texas Securities Act and Section 10(b) of the Securities Exchange Act of 1934 and of depriving him of his rights under the UCC and the federal law against debt slavery.  *See* ECF No. 8, at *2-3.  Defendants address all referenced regulations and charges, regardless of category.

- Defendants breached federal and state laws because the unidentified bills of exchange presented by Defendants constituted lawful money under 18 U.S.C. § 8 and UCC § 3-104.  UCC § 3-104 states that negotiable instruments are forms of payment in the commercial realm. *See* Pl.'s Am. Compl. at *2.

- Defendants failed to honor the bills of exchange presented by Plaintiff on September 21, and October 24, 2024.  *See* Pl.'s Am. Compl. at *2. By "neither formally accepting nor rejecting them," Defendants breached "commercial practices governing negotiability as established in Shaw v. Railroad Co., 101 U.S. 557 (1880), and First National Bank of Washington v. Whitman, 94 U.S. 343 (1876)."  *See* Pl.'s Am. Compl. at *2.

- Defendants violated 18 U.S.C. § 1581 (against debt slavery) by coercing Plaintiff into making fraudulent payments and threatening to turn off Plaintiff's utilities.   *See* Pl.'s Am. Compl. at *2.

- Defendants violated Plaintiff's rights under UCC § 3-603(b) and 18 U.S.C. § 8 by failing to honor, discharge, or dispute the bills, and coercing Plaintiff into further payments.  *See* Pl.'s Am. Compl. at *2.

- Defendants violated Texas Securities Act § 33.001 and Section 10(b) of the Securities Exchange Act of 1934 by making "false and misleading

statements" regarding the instrument's negotiability, thereby inducing Plaintiff to make payments based on fraudulent representations and by omitting "material facts regarding the unauthorized alteration of the instrument through an allonge, which violated UCC § 3-104 and UCC § 3-119." *See* Pl.'s Am. Compl. at *3.

- Defendants coerced Plaintiff into "unlawful financial obligations based on a fraudulently altered negotiable instrument" and deprived Plaintiff of "the ability to challenge or renegotiate the altered terms due to Defendants' fraudulent actions," thereby violating "UCC § 3-305(a), UCC § 3-311, and 18 U.S.C. § 1581, which prohibit trafficking in debt slavery and coercive financial practices." *See* Pl.'s Am. Compl. at *3.

## III.    LEGAL STANDARD

The standard for a F.R.C.P. 12(b)(6) motion is generally accepted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "allege facts sufficient to state a claim for relief that is plausible on its face . . . ." *DISA Global Solutions, Inc. v. ASAP Drug Solutions, Inc.*, No. 4:18-cv-2849, 2019 WL 13030151, at *3 (S.D. Tex. Sept. 27, 2019) (citing *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018)). Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On the other hand, a claim for relief is implausible on its

face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011). When plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In reviewing a Rule 12(b)(6) motion to dismiss, "the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). While *pro se* complaints are held to a less-stringent standard than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" regardless of the moving party's status. *See id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). Indeed, the liberal construction of a *pro se* pleading does not require the court "'create causes of action where there are none.'" *Jonnie Joseph Mills v. Bank OZK*, No. 6:24-cv-133, 2024 WL 4714325, at *2 (E.D. Tex. Oct. 9, 2024) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

## IV.    ARGUMENTS & AUTHORITIES

### A. Plaintiff Offers No Concrete, Factual Allegations as to the Context or Circumstances of the Alleged Actions

Plaintiff fails to provide sufficient factual detail to enable either the Court or Defendants to discern the foundational basis of his claims.  When looking at the face of the Amended Complaint, Defendants are left without necessary information to even begin to identify the allegations contained therein.  Plaintiff accuses Defendants of violating multiple federal and state regulations and case law, yet: (a) he fails to provide specific allegations tying those regulations or cases to the facts; (b) he fails to identify the negotiable instrument at issue or the alleged alteration thereof; and (c) he refences multiple and conflicting dates of the alleged conduct.  Although Mr. Bautista is a *pro se* plaintiff, his Amended Complaint still falls incredibly short of plausibility.  Mr. Bautista's accusations are speculative at best.

### B. Plaintiff Fails to Meet the Particularized Pleading Standard Required for Fraud

Despite alleging fraud throughout his Amended Complaint, Plaintiff fails to meet the particularized pleading standard required for allegations of fraud.  Federal Rule of Civil Procedure Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Thus, the complaint must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made,

and explain why the statements were fraudulent*.*" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)).  Here, this was not done.

### C. Plaintiff Fails to Show How Electricity is a Good Under the UCC or How Defendants Violated The UCC

The Bankruptcy Court of the Northern District of Texas has found that electricity does not constitute a "good" under the UCC.  *In re Pilgrim's Pride Corp.*, 421 B.R. 231, 238-40 (Bankr. N.D. Tex. 2009) (concluding that electricity, though sold as a metered service, does not fall within the UCC's definition of "good").  Plaintiff has failed to proffer facts to the contrary.  This alone warrants dismissal of Plaintiff's UCC-based claims.

Moreover, Plaintiff has, apart from two references, failed to properly identify the specific UCC provision he relies upon.  This has forced Defendants to speculate as to the legal basis of his claims because Plaintiff has failed to provide any factual basis.  Even assuming, arguendo, that electricity could be considered a good under the UCC (which it is not), Plaintiff's Amended Complaint still lacks the necessary factual allegations to support any such claims against Defendants.  For these reasons, Plaintiff's UCC claims should be dismissed.

### D. Plaintiff Fails to Meet the Heightened Pleading Standard Under the PLSRA

Plaintiff fails to plead to the heightened standard required under the Private Securities Litigation Reform Act ("PLSRA"). Section 10(b) of the Securities Exchange Act of 1934 forbids the use or employment, "in connection with the purchase or sale of any security, … [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe . . . ." *See* 15 U.S.C. § 78j(b). While Section 10(b) does not create an express private right of action, the Supreme Court of the United States has recognized that Section 10(b) and its implementing regulation SEC Rule 10-5b (which Plaintiff does not plead) render it unlawful to make "any material misstatement or omission in connection with the purchase or sale of any security." *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014); 17 CFR § 240.10b–5 (Rule 10-5b). Therefore, "[t]o establish liability under [Section] 10(b) and Rule 10b-5, a private plaintiff must prove "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co.*, 573 U.S. at 267 (quoting *Amgen Inc. v. Conn. Retirement Plans and Tr. Funds*, 568 U.S. 455, 460–61 (2013)).

The PLSRA was created to resolve inconsistencies between circuits in the level of scienter required for pleading. *See Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 406–07 (5th Cir. 2001). Under the PLSRA, a private plaintiff must "state with particularity facts giving rise to a strong inference" that the defendant acted with the accused state of mind when participating in the alleged securities fraud. *Id.* at 407 (quoting 15 U.S.C. § 78u–4(b)(2)). If misleading statements or omissions are alleged, the complaint must also "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u–4(b)(1). The court must dismiss the complaint if these requirements are not met. *Nathenson*, 267 F.3d at 407; 15 U.S.C. § 78u–4(b)(3).

Here, Plaintiff alleges that Defendants falsely represented the instrument as "valid and secured under the original the original terms" but goes no further. Pl.'s Am. Compl. at *2. Thus, Plaintiff fails to "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u–4(b)(1). In addition, he fails to articulate the required mental state under the regulations. Indeed, the Fifth Circuit has held that circumstantial evidence can support a strong inference of scienter, but merely articulating motive and opportunity usually falls short of this pleading requirement. *Nathenson*, 267 F.3d at 410. Plaintiff has failed to plead any circumstantial evidence to support the scienter

he claims Defendants possessed.  The Amended Complaint has fallen dramatically short of any of PLSRA's requirements.

### E. Plaintiff Fails to Articulate the Basis of His Allegations Under the Texas Business and Commerce Code

Plaintiff argues that Defendants violated Texas Business and Commerce Code § 26.02 by misrepresenting the negotiable instrument's validity.  *See* Pl.'s Am. Compl. at *2.  Once again, Plaintiff fails to cite to a specific subsection of this Chapter.  However, Texas Business and Commerce Code § 26.02 is entitled "Loan Agreements Must Be in Writing" and its substance outlines the circumstances under which loan agreements are enforceable.  Plaintiff has made no allegations of any loan agreement in this case and has therefore failed to properly plead the basis for this claim.

### F. Plaintiff Fails to Articulate the Basis of His Allegations Under Case Law "Governing Negotiability" and a Federal Statute Governing Government Money

Plaintiff alleges that Defendants violated "commercial practices governing negotiability, as established in Shaw v. Railroad Co., 101 U.S. 557 (1880), and First National Bank of Washington v. Whitman, 94 U.S. 343 (1876)."  Pl.'s Am. Compl. at *2.  In *Shaw v. Merchants' National Bank*,[2] the Supreme Court considered whether a bill of lading carries the same protections as a negotiable instrument.  In *First National Bank v. Whitman*, the Supreme Court noted, among other things, that

---

[2] Plaintiff cites to *Shaw v. Railroad Co.*, but the federal citation links to *Shaw v. Merchants' National Bank*.

drawee banks do not enjoy the protections of negotiable instruments when they pay on a fraudulent endorsement. Plaintiff fails to provide any further guidance as to how these precedents bear relation to the present case. Plaintiff has not alleged facts that would support the consideration of either of these cases and has not provided a coherent legal theory tying them to the conduct at issue.

Plaintiff also argues that Defendants violated 18 U.S.C. § 8 by failing to honor, discharge, or dispute charges and by allegedly coercing Plaintiff into making further payments. *See* Pl.'s Am. Compl. at *2. Plaintiff argues that his bills of exchange constitute lawful money under the statute. *Id.* However, 18 U.S.C. § 8 defines "obligation or other security of the United States" and includes the following items in the definition: "bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States," and stamps. 18 U.S.C. § 8. Plaintiff has once again failed to articulate facts sufficient to state a claim for relief under this statute (which, as an aside, fails to create a private right of action). For this reason, this claim should be dismissed.

### G. Plaintiff Fails to Articulate the Basis of His Allegations of Debt Slavery

Lastly, Plaintiff has failed to state a cognizable claim for debt slavery. Plaintiff alleges that Defendants "continued to coerce Plaintiff into making fraudulent payments based on the altered negotiable instrument under threat of terminating essential utility services, a practice that amounts to debt slavery." Pl.'s Am. Compl. at *2. 18 U.S.C. § 1581 makes it a crime to subject another person to peonage, including forcing them to work to pay off a debt. Plaintiff has not alleged any facts suggesting that Defendants forced him to perform labor or services against his will. Accordingly, this claim should be dismissed.

### V.    CONCLUSION AND PRAYER

Plaintiff employs an "everything-but-the-kitchen-sink" approach in his Amended Complaint, using buzz words and a plethora of federal and state laws to accuse Defendants of deceptive practices. However, the Amended Complaint is void of not only vital factual information, but also general pleading requirements. Defendants pray that the Court grant this F.R.C.P 12(b)(6) Motion to Dismiss with prejudice.

**Dated:  July 11, 2025**            **RESPECTFULLY SUBMITTED,**

**Bradley**

By:    */s/ Robert Ford*

      **Robert H. Ford**
      Attorney-in-Charge
      rford@bradley.com
      TX State Bar No. 24074219
      **Kris Reliford**
      kreliford@bradley.com
      TX State Bar No. 24138667
      *Pro Hac Vice*
      **Mary Grace Whitten**
      mwhitten@bradley.com
      TX State Bar No. 24143519
      *Pro Hac Vice*
      600 Travis Street, Suite 5600
      Houston, Texas 77002
      (713) 576-0300 Telephone
      (713) 576-0301 Telecopier

## CERTIFICATE OF WORD COUNT

In compliance with the Court's Standing Order, this Motion contains 2,822 words, including footnotes.

                */s/ Mary Grace Whitten*
                Mary Grace Whitten

## **CERTIFICATE OF COMPLIANCE WITH STANDING ORDER**

In compliance with the Court's Standing Order, this Motion contains less than 10 pages of argument.  The Motion, therefore, contains items (3), (4), (6), and (7) of II.A.

*/s/ Mary Grace Whitten*
Mary Grace Whitten

## **CERTIFICATE OF CONFERENCE**

Defendants have complied with the Court's Standing Order by informing the Plaintiff of the basis of their anticipated 12(b)(6) motion on July 1, 2025.  Plaintiff did not timely amend his pleading.  A copy of Defendants' counsel's e-mail to Plaintiff is attached.

*/s/ Mary Grace Whitten*
Mary Grace Whitten

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 11, 2025, I caused a true and correct copy of the

foregoing to be served on Plaintiff (who is unrepresented by counsel) via email, first-

class mail, and certified mail return receipt requested as provided below:

Robert Allen Bautista
PO Box 131385
Dallas, TX 75313-1385
RBRTBTST16@gmail.com

**PRO SE PLAINTIFF**

/s/ Mary Grace Whitten
Mary Grace Whitten