| | |
|---|---|
| **From:** | Ford, Rob |
| **Sent:** | Tuesday, July 1, 2025 3:26 PM |
| **To:** | Robert Bautista |
| **Cc:** | Whitten, Mary Grace; Reliford, Kris; Davis, Angela; Kellum, Nicole |
| **Subject:** | Robert Allen Bautista v. GEXA Energy, LP and NextEra Energy, Inc., CA No. 3:24-CV-2920 (N.D. Tex.) - Conferral re Rule 12(b)(6) Motion to Dismiss |

Dear Mr. Bautista,

Greetings, and I hope this correspondence finds you well.  I write on behalf of Defendants' GEXA Energy, LP and NextEra Energy, Inc. (collectively, "GEXA"), to confer with you about the following matters as they relate to Plaintiff's recently filed First Amended Complaint in the above-referenced cause:

1. pursuant to Court Procedure No. II.C.1, GEXA hereby advises you of its intent to file a Rule 12(b)(6) motion to dismiss for failure to state a claim; and

2. as a courtesy, GEXA further advises that it plans to move to strike Plaintiff's First Amended Complaint as untimely under the Court's order granting leave.

With respect to the first issue (the Rule 12(b)(6) motion), GEXA hereby advises that it believes Plaintiff's First Amended Complaint continues to suffer from several of the same deficiencies that GEXA raised in its Rule 12(c) motion for judgment on the pleadings, including but not limited to, the following:

- failure to satisfy Federal Rule 9(c)'s heightened pleading standards governing fraud claims;
- failure to satisfy the heightened pleading standards set forth in the Private Securities Litigation Reform Act (PSLRA) and Section 10(b) of the Securities & Exchange Act of 1934; and
- failure to allege a set of facts satisfying the threshold plausibility requirements mandated by Rule 12(b)(6) as interpreted by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Per Court Procedure II.C.1. (which I have excerpted below for your convenience and ease of reference), GEXA hereby advises Plaintiff that Plaintiff has a right to amend his Complaint pursuant to the timetables and procedural prerequisites set forth in that Court Procedure.

Thank you very much, Mr. Bautista, and of course, please do not hesitate to reach out if you wish to discuss.

Respectfully,

Robert Ford

C. **Motions to Dismiss** - Do not combine a motion to dismiss and an answer in one document. If a motion to dismiss becomes moot due to the filing of an amended complaint, the moving party must notify the Court.
To advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings once before considering a Federal Rule 12(b)(6) Motion to Dismiss. **The following procedure must be followed before any party files a Motion to Dismiss under Federal Rule 12(b)(6):**

1. **Counsel shall confer with opposing counsel and provide written notice prior to filing a Federal Rule 12(b)(6) Motion to Dismiss:**
   - To facilitate the efficient progression of litigation, a party or counsel who anticipates filing a Motion to Dismiss under Federal Rule 12(b)(6) must first confer with opposing counsel concerning the proposed deficiencies and the expected basis of the Motion. This conference shall include written (email or certified mail) notification of the Plaintiff's right to amend the pleading under these procedures, specifying the proposed deficiencies and the deadlines below.

2. **Following this notification conference, if the Plaintiff intends to amend the pleading, the Plaintiff shall file an Advisory of such intent with the Court within seven (7) days of receipt of the notification letter.** The Amended Complaint must be filed within seven (7) days of the filing date of the Advisory.

3. **If the Complaint is not so amended by the established deadline, the Defendant may file a Federal Rule 12(b)(6) Motion to Dismiss.** If the Defendant believes any Amended Complaint is still deficient, the Defendant shall file the Motion within the time prescribed by Federal Rule 12(a).

   - When a party files a Motion to Dismiss under Federal Rule 12(b), **a Certificate of Conference shall accompany the Motion expressly stating the movant complied with this Standing Order by informing the Plaintiff of the basis of any anticipated motion, the date of this notice, and noting the non-movant did not timely amend its pleading or the amended pleading is still deficient.**
   - The Court will strike any Federal Rule 12(b) Motion to Dismiss if it does not contain the required Certificate of Conference, which may preclude its re-filing given the time limits prescribed in Federal Rule 12(a).

4. Under this practice, the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss. Consequently, if the Court finds any Motion to Dismiss has merit, **the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss, except upon express leave of court.** *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002).

5. If the Court denies the Motion to Dismiss and the case goes forward, the Plaintiff may seek leave of Court to amend the live Complaint later if circumstances warrant or require amendment.

6. Federal Rule 12(a) prescribes time limits for the filing of an Answer and for the filing of motions under Federal Rule 12. The requirements of this Standing Order should not preclude or interfere with these time limits.

**Robert H. Ford***
Partner
Bradley Arant Boult Cummings, LLP
600 Travis St., Suite 5600
Houston, TX 77002
(713) 576-0300 (Main)
(713) 576-0356 (Direct)
(713) 576-0301 (Fax)
rford@bradley.com
**Licensed to practice law in Texas, Louisiana, and Arkansas*