# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| vs. | | CIVIL ACTION NO. 3:24-cv-2920 |
| GEXA ENERGY, LP and NEXTERA ENERGY, INC. | | |
| *Defendants*. | | |

## DEFENDANTS GEXA ENERGY, LP AND NEXTERA ENERGY, INC.'S REPLY IN SUPPORT OF THEIR FRCP 12(b)(6) MOTION TO DISMISS

Plaintiff Robert Allen Bautista's ("Plaintiff") Amended Complaint should be dismissed for multiple reasons: it not only fails to allege facts sufficient to support a claim for relief that is plausible on its face, but it also fails to satisfy particularized and heightened pleading standards required for some claims. Furthermore, Plaintiff's Response introduces information not properly before the Court on this Motion and even if considered, would not rectify the Amended Complaints' serious faults. Accordingly, Defendants GEXA Energy, LP ("Gexa") and NextEra Energy, Inc. ("NextEra") (collectively, "Defendants") respectfully request that the Court grant their Motion to Dismiss.

I. **Short Statement of Nature and Stage of Proceeding and Standard of Review**

In compliance with the Court's Standing Order, Defendants proffer that this filing is a Reply in Support of their 12(b)(6) Motion to Dismiss filed July 11, 2025. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "allege facts sufficient to state a claim for relief that is plausible on its face . . . ." *DISA Global Solutions, Inc. v. ASAP Drug Solutions, Inc.*, No. 4:18-cv-2849, 2019 WL 13030151, at *3 (S.D. Tex. Sept. 27, 2019) (citing *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018)).  When plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

While *pro se* complaints are held to a less-stringent standard than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" regardless of the moving party's status.  *See id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).  Indeed, the liberal construction of a *pro se* pleading does not require the court "'create causes of action where there are none.'" *Jonnie Joseph Mills v. Bank OZK*, No. 6:24-cv-133, 2024 WL 4714325, at *2 (E.D. Tex. Oct. 9, 2024) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

## II. Plaintiff's Amended Complaint Offers No Concrete, Factual Allegations and the Response Improperly Presents Insufficient Facts to the Court

When reviewing the face of the Amended Complaint, Defendants are left without necessary information to identify the specific allegations contained therein. No doubt aware of this fatal flaw, Plaintiff improperly introduces new factual assertions in his Response, including: the content of the alleged endorsement (which still fails to clarify the basis of Plaintiff's claims), the presence of a Medallion Signature Guarantee (never previously mentioned in the suit), and the existence of a contract purportedly containing penalties for non-compliance and directives regarding novation and recission (never previously mentioned in the suit). Additionally, Plaintiff includes an Affidavit in Support to his Response, which contains entirely new allegations grounded in statutory provisions not cited in any earlier filings. These new factual allegations are not only procedurally improper for consideration in the motion to dismiss, but also do nothing to move the plausibility needle.

As a general rule, motions to dismiss cannot consider evidence beyond the pleadings. In reviewing a 12(b)(6), a court "must limit its inquiry to the complaint, the complaint's attachments, or documents referred to in the complaint that are central to the complaint's claims." *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 650 (N.D. Tex. 2020). If material outside those documents is considered,

the court must convert the motion into one for summary judgment under Rule 56. F.R.C.P. 12(d).  Upon such conversion, both parties must be afforded sufficient notice and an opportunity to submit additional evidence.  *See Rodriguez v. Duffy*, No. 24-40635, 2025 WL 1218348 at *2 (5th Cir. Apr. 28, 2025).

In deciding whether to convert the motion, the Court must determine whether the proffered material and conversion will facilitate disposition of the action.  *See Porter v. Shearson Lehman Bros. Inc.*, 802 F. Supp. 41, 52 (S.D. Tex. 1992).  If the extraneous material is "comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it."  *Id.*  On the other hand, if the extraneous material is "scanty, incomplete, or inconclusive, the court probably will reject it."  *Id.*

Here, the extraneous material presented in Plaintiff's Response and accompanying affidavit does not assist the court in resolving the substance of the dispute.  The material does not clarify any missing factual allegations by linking the asserted causes of action to the underlying facts, nor does it meet the requirements of particularized or heightened pleading standards.  Instead, the material highlights the absence of any coherent factual or legal foundation for Plaintiff's claims.  As such, this additional material should not be considered in ruling on the Motion to Dismiss.

### III. Defendants Respectfully Reiterate that Plaintiff's Amended Complaint Fails to Meet Particularized or Heightened Pleading Standards and Fails to Sufficiently Tie Alleged Violations to Factual Support

Briefly, Defendants respectfully reiterate that Plaintiff's Amended Complaint fails to meet the particularized pleading standard required for allegations of fraud under F.R.C.P. 9(b) and fails to meet the heightened pleading standard required when alleging violations of the PLSRA. Further, the Amended Complaint fails to show how Defendants violated: (1) any portion of the UCC; (2) the Texas Business and Commerce Code; (3) "commercial practices governing negotiability" allegedly established by 19th century case law; (4) a federal statute governing government money; and (5) a federal statute against debt slavery and peonage.

### IV. Conclusion and Prayer

Defendants pray that the Court grant their F.R.C.P 12(b)(6) Motion to Dismiss with prejudice. Plaintiff's Amended Complaint is void of not only vital information, but also general, particularized, and heightened pleading requirements. Further, the extraneous evidence presented in Plaintiff's Response to the Motion to Dismiss and accompanying affidavit only reiterate that Plaintiff's allegations are haphazard, confusing, and lack factual and legal support.

| | |
|---|---|
| Dated:  August 4, 2025 | **RESPECTFULLY SUBMITTED,** |

**Bradley**

By: */s/ Mary Grace Whitten*
**Robert H. Ford**
Attorney-in-Charge
rford@bradley.com
TX State Bar No. 24074219
**Kris Reliford**
kreliford@bradley.com
TX State Bar No. 24138667
*Pro Hac Vice*
**Mary Grace Whitten**
mwhitten@bradley.com
TX State Bar No. 24143519
*Pro Hac Vice*
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

## CERTIFICATE OF WORD COUNT

In compliance with the Court's Standing Order, this Reply contains 967 words.

*/s/ Mary Grace Whitten*
**Mary Grace Whitten**

## **CERTIFICATE OF COMPLIANCE WITH STANDING ORDER**

In compliance with the Court's Standing Order, this Motion contains less than 10 pages of argument. The Reply, therefore, contains items (3), (4), (6), and (7) of II.A.

*/s/ Mary Grace Whitten*
**Mary Grace Whitten**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2025, I caused a true and correct copy of the foregoing to be served on Plaintiff (who is unrepresented by counsel) via email, first-class mail, and certified mail return receipt requested as provided below:

**Via Email: RBRTBTST16@gmail.com**
**&CMRRR 9314 8699 0430 0138 1316 18**
Robert Allen Bautista
PO Box 131385
Dallas, TX 75313-1385
**PRO SE PLAINTIFF**

*/s/ Mary Grace Whitten*
**Mary Grace Whitten**